876 F.2d 894
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clinton HOPKINS, Petitioner-Appellant,
v.
Arthur TATE, Jr., Supt., Respondent-Appellee.
 No. 89-3055.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1989.
 
 Before KENNEDY, NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 Clinton Hopkins moves for counsel on appeal from the district court's judgment dismissing his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1979, a Mahoning County, Ohio, jury convicted Hopkins of aggravated robbery and felonious assault. He received consecutive sentences of seven to twenty-five years and five to fifteen years. He was released on parole in 1986.
 
 
 3
 In 1987, he was charged with rape. An initial parole revocation hearing was held, and the Ohio Parole Authority issued a finding of probable cause. Subsequently, the Mahoning County grand jury refused to indict Hopkins on the rape charge. A formal parole revocation hearing was then held, and the Parole Authority revoked Hopkins' parole.
 
 
 4
 Hopkins argued that the decision of the grand jury not to indict him should bar the Parole Authority from revoking his parole. This court has held that a criminal acquittal does not bar a subsequent parole revocation proceeding. Steinberg v. Police Court of Albany, 610 F.2d 449, 451-52 (6th Cir.1979). Petitioner fares no better when a grand jury does not return an indictment. A grand jury's finding is not a verdict or a judgment. 38 C.J.S. Grand Juries Sec. 35. If an acquittal does not bar parole revocation proceedings, then a grand jury's refusal to indict does not bar such proceedings.
 
 
 5
 Hopkins also argued that the chairman of the Parole Authority referred his appeal back to the original parole hearing officers who decided his case. Hopkins alleged that this violated his constitutional rights. The Supreme Court does require a formal revocation hearing. Morrissey v. Brewer, 408 U.S. 471, 487-88 (1972). However, nothing in Morrissey requires the state to grant an appeal from the formal revocation proceeding. Therefore, the alleged failure of the chairman of the Parole Authority to hear the appeal raises only an issue of state law. A federal court may not issue a writ of habeas corpus based on perceived errors of state law. Pulley v. Harris, 465 U.S. 37, 41 (1984). Therefore, this issue is without merit.
 
 
 6
 In his brief on appeal, Hopkins raises three issues he did not raise in the district court. Ordinarily, an appellate court does not consider issues not raised below, unless the obvious result would be a plain miscarriage of justice. Hormel v. Helvering, 312 U.S. 552, 557-58 (1941). We have examined Hopkins' three issues, and nothing in those issues rises to the level of a miscarriage of justice.
 
 
 7
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.